Dear Mayor Davis:
This office is in receipt of your request for an opinion of the Attorney General in regard to the Town Attorney. You state that you were hoping to hold mayor's court, but the town attorney told you that would be up to the Board of Aldermen, and they wanted him. Succinctly, you indicate you have no cooperation with the present Town Attorney or the Board of Aldermen, and that you are "helpless as mayor to do anything concerned with everyday operations of the town." You ask if it is possible to get advice from another attorney.
With respect to the advice you received that it would be up to the Board of Aldermen as to who would hold mayor's court, we feel you should be aware of R.S. 33:441 wherein it provides as follows:
 A. Except as provided in Chapter 7 of Title 13, there shall be a mayor's court in the municipality, with jurisdiction over all violations of municipal ordinances. The mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction thereof. Notwithstanding any other provisions of law to the contrary, the mayor may also impose court costs not to exceed thirty dollars for each offense, as defined by ordinance, on any defendant convicted of a violation of a municipal ordinance.
 B. Notwithstanding any other provision of law to the contrary, the board of aldermen in its discretion may, upon the request of the mayor, appoint an attorney who shall be designated as court magistrate and who shall serve at the pleasure of the mayor and may from time to time be designated by the mayor to serve in his stead as the presiding official over the mayor's court. Whenever the magistrate is so designated by the mayor to preside over the mayor's court, he shall exercise the powers and authority of the mayor over said court. The board of aldermen shall fix and pay the salary of the magistrate, if one is appointed.
 C. (1) The mayor shall have the power of a committing magistrate.
 (2) The presiding officer of a mayor's court shall be entitled to judicial immunity for his official acts as presiding officer in the same capacity as a judge in this state.
This office concluded in Atty. Gen. Op. 97-461, "Except when a magistrate is appointed upon the request of the mayor and approval of the board of aldermen, the mayor presides over the Mayor's Court, R.S. 33:441." This is consistent with the earlier conclusion in Atty. Gen. Op. 93-541 which observed that a mayor's court has jurisdiction over all violations of municipal ordinances, and that the mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction of the ordinance.
While this office has recognized that upon request of the mayor the board of aldermen may appoint an attorney as court magistrate who shall serve at the pleasure of the mayor and serve in his stead, this office further declared, "Since the magistrate serves at the pleasure of the mayor, it is within the mayor's discretion to re-move the magistrate." Atty. Gen. Op. No. 93-313A.
Insofar as your comments that you cannot do anything concerned with everyday operations of the town, and that town employees fear the board of aldermen will fire them if they fail to follow their orders rather than yours, we find R.S. 33:404, Duties of Mayor, is controlling wherein it provides in pertinent part as follows:
 A. The mayor shall have the following powers, duties, and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor.
 (2) To delegate the performance of administrative duties to such municipal officers or employees as he deems necessary and advisable.
 (3) Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of the police department with an elected chief of police. However, appointment or removal of a non-elected chief of police, the municipal clerk, the municipal attorney, or any department head shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail. Further-more, selection or removal of any person engaged by a municipality to conduct an examination, review, compilation, or audit of its books and accounts pursuant to R.S. 24:517 shall be subject to approval by the board of aldermen of that municipality.
 * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 (9) To have any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law.
 * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 (Emphasis added.)
In accordance with this statute the mayor has broad administrative powers, and we would suggest a copy of this provision could be distributed to municipal offices in order to clarify your authority.
While this office has recognized that R.S. 33:1813 permits a municipality to employ additional counsel in cases of extreme necessity it further concluded that the Mayor could not retain and pay a counsel in addition to the city attorney without approval of the Board. Atty. Gen. Op. N.96-398.
We feel it is significant to note that this office has observed that the legislature has established a division of municipal power and responsibilities between the Board of Aldermen, who is vested with legislative authority, and the Mayor, who is the municipality's executive officer. In this regard it was concluded in its legislative function the Board cannot establish policies and procedures that infringe upon the executive duties of the Mayor by limiting his power, and such infringement would be subject to injunctive relief. Atty. Gen. Op. 98-58.
You may wish to contact your parish District Attorney for advice and to determine if there is any malfeasance in office. Moreover, this office is available to respond through an opinion to legal questions that may be presented.
We hope this sufficiently answers your present inquires, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By:______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr